[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15480
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2005
THOMAS  K. KAHN
CLERK

Agency Nos. A79-471-087
A79-471-088

GUILLERMO CIRO ARONES,
MARLENY LEONOR SAAVEDRA, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(June 27, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Peruvian citizens Guillermo Ciro Arones, his wife Marleny Leonor Saavedra, and their three children Guillermo David Arones, Marleny Ma Arones, and Ashlie Leonor Arones (collectively Arones), petition this Court for review of (1) the Board of Immigration Appeals' (BIA's) order affirming the immigration judge's (IJ's) removal order, (2) the BIA's denial of their motion to reopen, and (3) the BIA's denial of their motion to reconsider.

## I.  DISCUSSION

### A.  *Jurisdiction*

While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal.  *See* 8 U.S.C. § 1252(a)(1), (b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling.  Furthermore, the filing deadline is not suspended or tolled by the fact that [the petitioner] filed a motion to reopen the removal proceedings . . . after issuance of the final order of removal." *Dakane v. U.S. Attorney Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing *Stone v. INS*, 115 S. Ct. 1537, 1549 (1995)).  A motion to reconsider or reopen filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period.  *Stone*, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under former 8 U.S.C. § 1105a(6)).

2

Because the BIA's final order of removal in this case was filed on April 12, 2004, when the BIA summarily dismissed Arones' appeal of the IJ's denial of asylum relief, Arones was required to file a petition for review of their underlying asylum claims no later than May 12, 2004, 30 days after the BIA dismissed their appeal. The record reveals they failed to do so. Moreover, the BIA denied Arones' motion to reopen on July 9, 2004, and Arones did not file a petition for review of that order. Although Arones filed a motion for reconsideration of the BIA's denial of the motion to reopen on August 4, 2004, the filing did not toll the limitations period for filing a petition for review in this Court. Arones filed the petition for review on October 25, 2004, which was more than 30 days after the BIA's final order of removal and the denial of their motion to reopen. Accordingly, to the extent Arones argues the BIA erred in (1) affirming the IJ's denial of asylum relief, or (2) denying their motion to reopen, we do not have jurisdiction to review those claims, and we dismiss their petition as to those orders.

2.    *Motion to Reconsider*

We review the BIA's denial of a motion for reconsideration for an abuse of discretion, similar to the denial of a motion to reopen. *Assa'ad v. U.S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C). Judicial review is limited to

3

determining "'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *See Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted) (addressing the denial of a motion to reopen). The BIA abuses its discretion when its decision "'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *See Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (citation omitted) (addressing the denial of a motion to reopen). Motions to reconsider are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the deportable [now removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 112 S. Ct. 719, 724-25 (1992) (discussing motions to reopen).

"'A motion to reconsider asserts that at the time of the Board's previous decision an error was made.'" *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001) (citation omitted). When the BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the case as though a decision had never been entered. Thus, if it grants the motion, the Board considers the case anew as it existed at the time of the original decision." *Id.*

The BIA did not abuse its discretion by denying Arones' motion to reconsider because they did not present persuasive evidence or argument that the

BIA committed an error of law or fact in denying their motion to reopen. Just like in their motion to reopen, Arones presented a news article stating that Montesinos' mafia, who Arones alleged was harassing their family, was still powerful in Peru. Arones argued the article established their eligibility for asylum. However, Arones failed to show the current Peruvian government would be unwilling or unable to protect their family from the mafia, and therefore, the news article was not sufficient evidence to change the outcome of Arones' asylum case. The reconsideration motion essentially repeated the claims of the motion to reopen, and did not specify the errors of law or fact the BIA made in its prior decision.

## II. CONCLUSION

We do not have jurisdiction to review the BIA's orders affirming the IJ's denial of asylum relief or denying Arones' motion to reopen. The BIA did not abuse its discretion in denying Arones' motion for reconsideration.

DISMISSED IN PART, AND DENIED IN PART.